**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:12-CR-215-RJC-DCK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SEAN F. MESCALL, | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion For Status Conference" (Document No. 11) filed by the Government on September 11, 2012; the "Motion For Discovery Procedure For *Pro Se* Defendant" (Document No. 12) filed by the Government on September 14, 2012; and the "Unopposed Motion For Status Conference" (Document No. 13) filed by *pro se* Defendant, Sean F. Mescall, on September 20, 2012. The Court conducted hearings regarding these matters on October 17, 2012, and October 25, 2012, each of which was attended by counsel for the Government, the *pro se* Defendant, and court-appointed standby counsel, Peter Adolf. After careful consideration of all features of this matter and the discovery issues presented, the Court will <u>grant</u> the aforementioned three motions.

By way of brief background, the *pro se* Defendant in this matter, Sean F. Mescall, has asserted his right to self representation in this case, and pursuant to a *Faretta* hearing, the Court is allowing the Defendant to represent himself. In its discretion, upon allowing the Defendant to represent himself, the Court appointed as standby counsel Assistant Federal Defender Peter Adolf, the now *pro se* Defendant's former appointed lawyer. This matter is currently set for trial on the upcoming December 2012 trial term of Chief Judge Robert J. Conrad, Jr. The issue presented, simply put, is how to handle the discovery process in light of the Defendant's self-representation.

After careful consideration of the aforementioned motions, and the presentations of all parties at the two hearings conducted in this matter, the undersigned orders the following with regard to the discovery process in this case:

1. The Government has already identified or will identify the most relevant of its voluminous discovery documents, or "hot documents." The Defendant has indicated that these "hot documents" are the documents he wishes to review. The United States will provide Defendant, by U.S. mail, with a copy of these "hot documents" contained in discovery (with the exceptions noted below). Defendant may maintain the copies in a manner that is consistent with the security procedures of the Mecklenburg County jail.

2. Consistent with the parameters set forth in the Court's Standard Criminal Discovery Order, the United States shall disclose to Defendant all *Brady* material which is in the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence should become known to the attorney for the United States.

3. The United States will produce *Jencks* act and *Giglio* material to Defendant at the commencement of trial. **This material shall not be taken outside the courtroom** under any circumstances.

4. Any discovery material made available to Defendant **shall not be used by him for any purpose other than in direct relationship to this case and no further disclosure shall be made of these items. All discovery materials shall be returned to the United States immediately upon the conclusion of trial**. The Court notes that the Defendant explicitly agreed to this provision on the record during the October 25, 2012 hearing.

5. Pursuant to its continuing discovery obligations, the United States shall provide

Defendant with a hard copy of any documents received and will notify Defendant of any non-document discovery.

6. Defendant shall produce reciprocal discovery to the United States, pursuant to the requirements of Rule 16 of the Federal Rules of Criminal Procedure.

**IT IS THEREFORE ORDERED** that the "Motion For Status Conference" (Document No. 11); the "Motion For Discovery Procedure For *Pro Se* Defendant" (Document No. 12); and the "Unopposed Motion For Status Conference" (Document No. 13) are hereby **GRANTED** consistent with the foregoing.

Signed: October 26, 2012

David C. Keesler
United States Magistrate Judge