IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-215

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| SEAN F. MESCALL | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss on Double Jeopardy Grounds, (Doc. No. 20), and the government's Response, (Doc. No. 22). For the reasons stated below, the Court will deny the motion.

The defendant seeks dismissal of the instant Indictment (Doc. No. 1) claiming that it is a successive prosecution where he has already been punished for contempt in a related matter. (Doc. No. 20: Motion at 5-6). In determining whether offenses are the same for Double Jeopardy purposes, courts consider the elements of each offense to see if it requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932).

Here, the defendant was convicted and sentenced for contempt after he pled guilty to diverting funds and other assests inviolation of this Court's Order. (Case No. 3:10-cr-121, Doc. No. 1: Notice of Criminal Contempt Proceedings; Doc. No. 9: Plea Agreement; Doc. No. 15: Plea Agreement). Although the Presentence Report (PSR) briefly summarized the alleged underlying conduct which led to the accumulation of the assets, (Doc. No. 12: PSR at ¶ 5), the elements of the offense were: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order. See United States v. Landerman, 109 F.3d 1053, 1068 (5th

Cir. 1997) (listing elements of criminal contempt).  This instant indictment alleges securities fraud (Count One), wire fraud (Count Two), and money laundering (Count Three), the elements of which require different facts than the criminal contempt charge.  Thus, a conviction for violating the Court's Order relating to assets does not bar subsequent prosecution for the conduct which allegedly led to the accumulation of the assets.  United States v. Hickey, 367 F.3d 888, 892 (9th Cir. 2004).

**IT IS, THEREFORE, ORDERED,** that the defendant's Motion to Dismiss, (Doc. No. 20) is **DENIED**.

Signed: December 4, 2012

Robert J. Conrad, Jr.
Chief United States District Judge