# UNITED STATES DISTRICT COURT
Western District of North Carolina

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
|  | ) | (For Offenses Committed On or After November 1, 1987) |
| V. | ) |  |
|  | ) |  |
| Sean F. Mescall | ) | Case Number:  DNCW312CR00215-001 |
|  | ) | USM Number:  25255-058 |
|  | ) |  |
|  | ) | Peter Adolf |
|  | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐  Pleaded guilty to count(s).

☐  Pleaded nolo contendere to count(s) which was accepted by the court.

☒  Was found guilty on count(s) 1-3  after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 15:78j(b) & 78ff | Securities fraud (17CFR240.10b-5) | 2010 | 1 |
| 18:1343 | Wire fraud | 2010 | 2 |
| 18:1956(a)(1)(B)(i) | Money laundering and aiding and abetting same | 11/27/09 | 3 |

The Defendant is sentenced as provided in pages 2 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

☐  The defendant has been found not guilty on count(s).
☐  Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  10/30/2014

Signed: November 24, 2014

Robert J. Conrad, Jr.
United States District Judge

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED SIXTY-EIGHT (168) MONTHS on each of Counts 1, 2 & 3, all counts to run concurrently.

☒ The Court makes the following recommendations to the Bureau of Prisons:
  - Participation in the Federal Inmate Financial Responsibility Program.

☒ The Defendant is remanded to the custody of the United States Marshal.

☐ The Defendant shall surrender to the United States Marshal for this District:

  ☐ As notified by the United States Marshal.
  ☐ At ＿ on ＿.

☐ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ As notified by the United States Marshal.
  ☐ Before 2 p.m. on ＿.
  ☐ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at

_____, with a certified copy of this Judgment.

_____
　　　　United States Marshal

　　　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Counts 1 – 3: THREE (3) YEARS each count to run concurrently</u>.

☐  The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.
1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively; The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of supervision.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
25. The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $300.00 | $0.00 | $1,248,812.90 |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

## FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## COURT APPOINTED COUNSEL FEES

☐ The defendant shall pay court appointed counsel fees.

☐ The defendant shall pay $0.00 towards court appointed fees.

## RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

### NAME OF PAYEE AMOUNT OF RESTITUTION ORDERED

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Manuel Abed and Lillia Abed | $14,050.00 |
| Steven Adomo | $1,200.00 |
| AlignOrg Solutions C/O Kreig C. Smith | $3,400.00 |
| Wolfgang and Mary Arnold | $9,045.00 |
| Nobuko Axtel | $120,000.00 |
| Robert Axtell | $120,000.00 |
| David Bakker | $63.00 |
| Vern Ball | $10,000.00 |
| Clarence and Marie Banks | $8,500.00 |
| David and Connie Barhan | $2,000.00 |
| Salvatore Barone | $26,649.00 |
| Matthew Beeson and Dorothy Dougherty | $10,000.00 |
| Jay Brooks | $2,000.00 |
| Gregory Burns | $500.00 |
| Jose Carabello | $5,654.00 |
| Robert Carroll | $45,000.00 |
| Caseth Logistics | $9,705.00 |
| Umberto Catignani | $10,000.00 |
| Roy Clark | $1,000.00 |
| Robert and Vickie Colley | $2,000.00 |
| James Courson | $1,000.00 |
| William Deppe | $776.85 |
| Donald Darrenkamp | $1,000.00 |
| Dyer Electric C/O Gregory Dyer | $1,553.70 |
| David Eland | $1,500.00 |
| Emswiler Architecture C? Rick Emswiler | $733.00 |
| Steven Fangman | $2,000.00 |
| Ely Friedman | $1,300.00 |
| Ronna Garrigan | $5,000.00 |
| Rimas Gavelis | $2,000.00 |
| Scott Gerkin | $1,000.00 |
| Marjorie and David Lloyd Giffian | $6,325.00 |
| Horace Gilliam | $2,500.00 |
| Robin Gleason | $5,000.00 |
| Nadine Hampton | $800.00 |
| Gary Hardeman | $5,000.00 |
| Cindy and Richard Harding | $2,500.00 |
| Scott Harlan | $1,000.00 |
| Richard and Mary Jo Haviland | $62,000.00 |
| Bruce and Linda Hayes | $85.00 |
| Wemer Heidemann | $20,283.00 |
| Mark and Cindy Hergott | $2,000.00 |

| | |
|---|---|
| Sherman and Marjorie Herrington | $7,000.00 |
| James Hestel | $30,000.00 |
| Mark and Anna Hough | $1,000.00 |
| Tommy L. Jennings | $2,500.00 |
| John Johnson, Jr. | $8,000.00 |
| Erik Jones | $2,000.00 |
| Lorraine Jones | $6,000.00 |
| Eugene Kliewer | $30,000.00 |
| Keith and Barbara Lacey | $95,000.00 |
| Linda and Bobby Leonard | $2,000.00 |
| Brady Long | $5,000.00 |
| Richard Mahan | $2,500.00 |
| Lena and Aaron Martin | $1,000.00 |
| Anthony Massiello | $4,500.00 |
| Thomas May | $5,000.00 |
| Brett McEndafter | $10,000.00 |
| James Mills | $1,000.00 |
| Joe Milo | $8,600.00 |
| Nicholas Milo | $1,000.00 |
| Herman and Judy Mobley | $45,000.00 |
| Gary Mobley | $3,000.00 |
| Anthony Nolan | $2,000.00 |
| Edmundo Orozco | $10,000.00 |
| Greg and Felecia Pierce | $2,000.00 |
| Robert and Betty Powell | $46,387.00 |
| Kevin Randle | $25,000.00 |
| Robert Reiter and Colleen Reiter | $10,000.00 |
| Peter Rodgers | $5,000.00 |
| Robert Rogers | $2,600.00 |
| George Rolle, Sr. | $6,000.00 |
| Darian Rolle | $1,500.00 |
| Trustee Romano (David Romano) | $107,205.41 |
| David Romano | $28,317.88 |
| Ronald Root | $1,000.00 |
| Paul Rothermel | $2,500.00 |
| Lyndon Samuel | $6,000.00 |
| Daniel Schaub | $13,000.00 |
| Howard Schwartz | $53,000.00 |
| James Selender | $15,000.00 |
| Marion Shealy | $2,500.00 |
| Addie Shopshire-Rolle | $3,000.00 |
| Steve Sieren | $2,500.00 |
| Andrew Straub | $3,884.25 |
| Larry Strottman | $2,000.00 |
| Greg Thompson | $4,384.00 |
| Evelyn Van Horn | $15,411.00 |
| Mary and Michael Weisgerber | $53,300.00 |
| Kevin Wells | $1,000.00 |
| David Williams | $8,600.00 |
| Newell Wright | $7,000.00 |
| Eldin Zimmerman | $12,500.00 |

Joint and Several

☐ Defendant and Co-Defendant Names and Case Numbers *(including defendant number)* if appropriate:

☒ Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

☒ The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim(s) receive full restitution.

☒ Any payment not in full shall be divided proportionately among victims.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $0.00 due immediately, balance due
 ☐ Not later than _____
 ☐ In accordance ☐ (C), ☐ (D) below; or

B ☒ Payment to begin immediately (may be combined with ☐ (C), ☒ (D) below); or

C ☐ Payment in equal Monthly (E.g. weekly, monthly, quarterly) installments of $50.00 to commence 60 (E.g. 30 or 60) days after the date of this judgment; or

D ☒ Payment in equal Monthly (E.g. weekly, monthly, quarterly) installments of $ 50.00 to commence 60 (E.g. 30 or 60) days after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

☒ The defendant shall forfeit the defendant's interest in the following property to the United States54 as set forth in the Consent Order (Doc. No. 54) entered 10/30/2014:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## STATEMENT OF ACKNOWLEDGMENT

I understand that my term of supervision is for a period of _____months, commencing on _____.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I understand that revocation of probation and supervised release is mandatory for possession of a controlled substance, possession of a firearm and/or refusal to comply with drug testing.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)  _____    Date: _____
                Defendant

(Signed)  _____    Date: _____
                U.S. Probation Office/Designated Witness